## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0338** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **BRENT BIGLER** | : | |

## ORDER

AND NOW, this 12th day of February, 2007, upon consideration of defendant's motion to amend the plea agreement (Doc. 156), requesting that the government be required to treat the property seized from defendant as voluntary restitution payable to Dentsply, and it appearing that defendant has forfeited such property to the United States and has waived his right to contest such forfeiture (Doc. 156, Ex. 2 at ¶ 2), that defendant has acknowledged that he "shall be responsible for making payment of this restitution [to Dentsply] in full" (Doc. 156, Ex. 2 at ¶ 23), and that the plea agreement "supersedes all prior understandings, if any, whether written or oral" (Doc. 160, Ex. 2 at ¶ 33),[1] it is hereby ORDERED that the motion to amend the plea agreement (Doc. 156) is DENIED.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[1] At his guilty plea hearing, defendant acknowledged that he had not been promised or offered anything beyond what was contained in the plea agreement. Specifically, defendant was asked the following:

> THE COURT: Other than [the terms of the plea agreement], did anyone promise or offer you anything else to get you to plead guilty?
> BRENT BIGLER: No.

(Doc. 164 at 2.)